**SO ORDERED.**

**SIGNED this 4th day of February, 2014.**





_____
Robert E. Nugent
United States Chief Bankruptcy Judge

NOT PUBLISHED

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL A. GARCIA, | ) | Case No. 12-10393 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

### ORDER ON SECOND MOTION FOR ADMINISTRATIVE EXPENSES OF DEBTOR'S COUNSEL MARK J. LAZZO

Debtor's attorney Mark J. Lazzo filed his second fee application in this case requesting the allowance of $9,000 in attorney's fees for the period November 20, 2013 through January 16, 2014.[1] The Chapter 13 Trustee and the Lenore Garcia Trust, through its Trustee, William Garcia object.[2] After exercising the Court's duty

---
[1] Dkt. 191.
[2] Dkt. 197, 198.

1

of independent review, I conclude that the fees requested should be allowed, subject to a relatively minor adjustment as described below.

Before I address the specifics of the objectors' complaints, I note that my Order on Mr. Lazzo's first fee application allowed attorney's fees of $6,840 for the period January 17, 2013 to August 14, 2013 and disallowed $3,420 as a sanction for failing to file a Rule 2016(b) disclosure until November 21, 2013.[3] The current application covers the period November 20, 2013 through January 16, 2014 and notably does not seek attorney's fees for the interim period August 15 – November 20 between the two fee applications, with one small exception. Mr. Lazzo's billing statement for the second application does include one time entry of .6 for November 20th, prior to the filing of his Rule 2016(b) disclosure. Because I have already sanctioned Mr. Lazzo for his noncompliance with Rule 2016(b), I will allow the $120 fee for the time incurred on November 20. I now turn to the Trustee's objection.

The Trustee filed detailed motions to dismiss (dkt.149) and to disgorge (dkt. 146) in late November. In his second application, Lazzo seeks compensation for reviewing and responding to them. He filed a response to the motion to disgorge[4] on December 6 and later acquiesced in it by turning over the funds in his possession to the Trustee.[5] It does not appear that Lazzo filed a written response to the Motion to Dismiss.[6] For his work in connection with these matters, he seeks a total of 5.5

---

[3] Dkt. 204.
[4] Dkt. 157.
[5] *See* Dkt. 204, Order on First Motion for Administrative Expenses entered January 24, 2014.
[6] He did file an amended chapter 13 plan on December 9, dkt. 159; one of the Trustee's grounds for the motion to dismiss (or alternatively, convert) was unreasonable delay and failure to obtain confirmation of a plan. That plan was later withdrawn and Lazzo advised of his intent to convert the case to chapter 7 at the conclusion of the trial on the Trust's nondischargeability complaint in late

2

hours. As noted in my prior order, the mere fact that a lawyer works on a pleading but doesn't file it is not, standing alone, enough to suggest that the work done was somehow unnecessary or unreasonable. In the absence of a suggestion that this work was not in fact done, that objection is again overruled here. The time charged on December 9 for viewing the 12 pictures of Lenore's equipment is excessive and will be reduced from 1.0 hours to .5 hours. The balance of the time charged is approved.

The Trust's objection is more general in nature but is overruled for the following reasons. First, the Trust claims that Lazzo's efforts did not benefit the debtor or the completion of the case. The attorney's time in attempting to salvage his client's chapter 13 case, even if that case did not conclude successfully, cannot be said to be of no benefit. And Mr. Lazzo rendered valuable service to the debtor in defending his discharge. Having aggressively contested both the debtor's chapter 13 case and having challenged the dischargeability of the debtor's debt to it, the Trust cannot now complain about the fees the debtor incurred in trying to go forward and in defending his discharge. The debtor was put to great expense and effort to defend a complaint so lacking in evidentiary substance that I entered judgment for him at the close of the Trust's evidence.

Second, there is no legal basis for denying the debtor's attorney fees for time spent defending his first fee application. Section 330(a)(6) contemplates that time spent applying for compensation is also compensable and when an attorney's fee

---

January. It is apparent from my review of the billing statement that the parties were attempting to informally resolve the motion to dismiss and ultimately, Mr. Lazzo and his client acquiesced to conversion of the case.

application is challenged, resulting in an evidentiary hearing, there is no reason why that attorney should not compensated for his efforts in defense of his fee, subject to the other rules found in that section. In the previous fee order, I reduced the debtor's requested attorney's fees by one-third because of his failure to timely disclose receiving a retainer. That is sanction enough.

Third, that the amended plan might not have been confirmable and, in any event, wasn't confirmed, is not a basis for concluding that it was, as the Trust's bare allegation has it, filed in bad faith. In the absence of any showing that Mr. Lazzo proposed the plan for some improper purpose, I refuse to deny his reasonable fees incurred in attempting to resurrect this difficult case. The Trust can hardly complain about Garcia filing an amended plan after the Trust's actions effectively inhibited Paul's ability to carry on Lenore's as a means to fund his first plan, resulting in significant priority tax claims. As I noted in the previous fee order and observed during the recent trial of the adversary proceeding, Mr. Lazzo has worked hard and has been an effective advocate for his client against the Trust's provocative, but unproven assertions. The Trust's objection to the second fee application is overruled.

The Second Motion for Administrative Expenses is allowed in the amount of $8,900.00 and the balance of the objections to it are overruled. The Chapter 13 Trustee is directed to disburse to Mr. Lazzo any funds that remain from the disgorged retainer currently in her possession (as well as any subsequent retainer

payments disclosed and turned over by Mr. Lazzo to the Trustee), up to the amount of the fees allowed in this Order.

###